UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HASS, *et al.*,

      Plaintiffs,

v.

MELROSE TOWNSHIP, *et al.*,

      Defendants.
_____/

Case No. 1:15-cv-675

HON. JANET T. NEFF

## AMENDED[1] OPINION AND ORDER

Pending before the Court is Defendant Melrose Township's "Motion for Summary Judgment pursuant to F.R.C.P 12(b)(6)" (Dkt 77), in which Defendants Shaynee Fanara, Robert Scholey and William Church concur (Dkt 78). Plaintiffs filed a response in opposition to the motion (Dkt 98), to which Defendant Melrose Township (Dkt 107) and Defendants Fanara, Scholey and Church (Dkt 108) filed replies. Also pending in this case is Plaintiffs' Motion to Strike (Dkt 109), to which Defendant Melrose Township filed a response in opposition (Dkt 111). Having conducted a Pre-Motion Conference in this matter and having fully considered the parties' motion papers, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons discussed herein, the Court denies Plaintiffs' motion to strike and grants Defendant Melrose Township's dispositive motion.

---

[1]The Opinion and Order originally entered this date (Dkt 112) is amended only to include reference to Defendant Charbonneau's pending Counterclaim (Dkt 27), a reference that was inadvertently omitted. A Judgment (Dkt 113) was prematurely entered as this case is not closed but will proceed on Defendant Charbonneau's pending Counterclaim, only.

## I. BACKGROUND

Plaintiff Walloon Lake Water Systems Company (WLWS) is a privately owned municipal water system located in the State of Michigan, County of Charlevoix and incorporated in Melrose Township ("the Township") (Compl. [Dkt 1], ¶ 9). Melrose Township is a governmental entity containing Walloon Lake Village (*id.* ¶ 19). Plaintiffs Dennis and Kathleen Hass own the WLWS (*id.* ¶ 39). According to Plaintiffs, "[w]ater tariffs run with the properties of customers and overdue customers have a lien applied to their property" (*id.* ¶¶ 40, 56).

Plaintiffs allege that in the fall of 2011, after two customers filed complaints alleging that WLWS had filed false liens on their properties, the Charlevoix County Prosecutor initiated criminal charges against Dennis Hass, to wit: five felony counts involving extortion and encumbering real property without lawful cause (Compl. ¶¶ 42-43, 54). No charges were brought against Kathy Hass (*id.* ¶ 54). Plaintiffs allege that at a pretrial conference in October or November 2011 regarding the first set of charges against Dennis Hass, the assistant prosecutor made a written offer to reduce the charges to a misdemeanor if Dennis would agree to sell WLWS to the Township (*id.* ¶ 57). Dennis Hass refused the Township's offer (*id.*). According to Plaintiffs, the assistant prosecutor was not prepared at the preliminary hearing in February 2012 and decided to drop the charges (*id.*). Plaintiffs allege that "[t]here is also documentation that the Township director told the Prosecutor that Dennis would have to be charged again if he did not sell" (*id.* ¶ 58).

Plaintiffs allege that several months later, on June 26, 2012, the Charlevoix County Prosecutor charged both Dennis and Kathleen Hass with extortion and racketeering (Compl. ¶ 60). According to Plaintiffs, the charges against Kathleen Hass were dismissed in November 2012 due to lack of evidence, but Dennis Hass was bound over for trial (*id.*). Plaintiffs allege that at the

Preliminary Examination in September 2012, the racketeering charges against Dennis Hass were "dismissed [sic, reduced] to encumbrance of real property making the 2nd set of charges identical to the first set brought against him" (*id.* ¶ 61).

On September 13, 2013, Dennis Hass, individually and on behalf of WLWS, agreed to an Assurance of Discontinuance with the Charlevoix County Prosecutor, and the charges against Dennis Hass were dismissed without prejudice (*id.* ¶ 63). Specifically, Dennis Hass agreed that

1. WLWS would no longer require customers to purchase replacement items where there is no showing that the prior parts were defective;

2. WLWS would no longer require customers to purchase replacement parts from WLWS;

3. WLWS would no longer require owners to pay water bills incurred by previous property owners;

4. WLWS would no longer place liens upon customers' properties for fees that were owed by prior property owners;

5. WLWS would no longer threaten to shut off or shut off water supply to customers for reasons other than non-payment of monies legally owed or due to health code related issues or as specified by the tariff;

6. WLWS would no longer require services to be paid for in advance unless there's a record of consistent late payments by a customer;

7. WLWS would no longer require customers to pay for maintenance of portions of the water system which are not their responsibility under the tariff; [and]

8. WLWS would no longer require other actions in violation of the tariff of WLWS.

(*id.* ¶ 66). According to Plaintiffs, WLWS additionally agreed to "pay $7,500 to the Charlevoix County Prosecuting Attorney's Office as restitution for the aggrieved parties, agreed not to engage in retaliatory actions against the customers of WLWS who were victims or alleged victims in *People*

*v. Hass*, and agreed that the Charlevoix County Prosecuting Attorney may file a complaint with the Michigan Public Service Commission if (s)he believes that WLWS amends its tariff in an arbitrary and capricious way" (*id.* ¶ 67).

On June 26, 2015, Plaintiffs initiated the present litigation with the filing of a two-count Complaint against the Township and the following other nine Defendants: Peter Wendling, attorney for the Village of Walloon Lake; Shaynee Fanara, formerly an assistant prosecuting attorney for Charlevoix County; Todd Reeves, a Deputy Sergeant of the Charlevoix County Sheriff's Office; William Church, a Deputy of the Charlevoix County Sheriff's Office; Robert Scholey, a detective with the Charlevoix County Sheriff's Office; and Bunny Marquart, Gale Charbonneau, Lena Carlisle and Maud Bray, all residents of Charlevoix County (Compl. ¶¶ 10-18). Defendants allege

    I.    Violation of Civil Rights—Fourth Amendment—42 USC § 1983—Arrest, Imprisonment and Prosecution Without Probable Cause

    II.    Violation of Fifth and Fourteenth Amendment—42 USC § 1983—Conspiracy to Deprive Plaintiffs of Property Without Due Process of Law

Nine Defendants subsequently filed Answers to the Complaint (Dkts 18, 19, 23, 29, 32 & 46), and the Court entered an Order extending the time for Defendant Carlisle to serve a responsive pleading (Dkt 35). Further, Defendant Charbonneau filed a Counterclaim (Dkt 27), which Plaintiffs answered (Dkt 39).

On March 7, 2016, the Court conducted a Pre-Motion Conference with counsel concerning four dispositive motions proposed by Defendants (Dkt 34, as supplemented by Dkts 40 & 47; Dkt 51; Dkt 52; Dkt 58). Plaintiffs did not then raise the topic of amending their Complaint, despite the fact that much of the Pre-Motion Conference was directed to an examination of Plaintiffs' pleading

and resulted in the voluntary dismissal of not less than five Defendants, including Defendant Carlisle, as memorialized by the Court's subsequent Order (Dkt 70). Further, consistent with the discussion with counsel on the record about the proper sequencing of the proposed motions, the Court's Order set forth a briefing schedule that, in pertinent part, ordered the parties to begin briefing Defendant Township's motion to dismiss and/or for summary judgment on Plaintiffs' Complaint (*id.*).[2]

In accordance with the dates set forth in the Court's briefing schedule, Defendant Township served its dispositive motion on Plaintiffs on March 31, 2016 (Dkt 71), and Defendants Church, Fanara and Scholey served their Concurrence on April 15, 2016 (Dkt 72). Plaintiffs were required to serve their response to the motion not later than April 28, 2016. On May 11, 2016, having apparently served no timely response to the dispositive motion, Plaintiffs instead filed a motion to amend their Complaint to "correct[] or eliminate[] many unclear or inaccurate assertions" (Dkt 76 at PageID.447).

This Court denied Plaintiffs leave to amend their Complaint based on delay, lack of notice, and undue prejudice to the opposing parties (5/26/2016 Memo. Op. & Order, Dkt 92). This Court determined that Plaintiffs' request to amend was also properly denied based on futility inasmuch as the proposed amended complaint contained the same counts as the original complaint and the information purportedly needed to "correct[] or eliminate[] many unclear or inaccurate assertions" had long since been available to Plaintiffs, or would have been, with due diligence in this 2015 case (*id.*). The Court granted Plaintiffs an extension to file a response to Defendant Township's

---

[2]Defendant/Counter-Claimant Charbonneau's Pre-Motion Conference Request (Dkt 51) was denied without prejudice to re-filing after the Court's resolution of Defendant Melrose Township's dispositive motion.

Case 1:15-cv-00675-JTN   ECF No. 114 filed 01/23/17   PageID.1593   Page 6 of 17

dispositive motion, which Plaintiffs subsequently filed on June 9, 2016 (Dkt 98). Despite this procedural history, Plaintiffs "incorporated by reference" their proposed First Amended Complaint in their response to Defendant Township's motion (*id.* at PageID.821). For the reasons previously stated in denying Plaintiffs leave to amend, the Court has not considered the allegations in Plaintiffs' proposed pleading in resolving Defendant Township's motion at bar.

Last, on June 10, 2016, Plaintiffs filed a Motion to Strike (Dkt 109), seeking to strike the unsigned affidavit of Dennis Hass upon which their response relied (Dkt 98-2). Plaintiffs filed the motion "for the purpose of substituting a corrected and signed affidavit" (Dkt 109 at PageID.1559).

## II. DISCUSSION

### A. Motion Standard

As evidenced by its title, Defendant Township's "Motion for Summary Judgment pursuant to F.R.C.P 12(b)(6)" (Dkt 77) contains language and references to the standards for both a motion for summary judgment, which is properly brought under Federal Rule of Civil Procedure 56, and a motion to dismiss, which is properly brought under Federal Rule of Civil Procedure 12.

A motion under Rule 12 is a "test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations.'" *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005)). If, on a motion under Rule 12, matters outside the pleadings are presented to and not excluded by the court, then the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. FED. R. CIV. P. 12(d).

6

Here, Defendant Township has attached matters outside the pleadings to its motion—exhibits A through N (Dkt 80), and Plaintiffs assert that the Court "must either exclude that evidence which is outside the pleadings or treat Defendants' Motions as Rule 56 Motions for Summary Judgment and permit Plaintiffs to present all material pertinent thereto" (Dkt 98 at PageID.812). Plaintiffs' assertion is unfounded. Defendant Township raised the prospect of filing a combined motion at the March 7, 2016 Pre-Motion Conference, and the option was discussed, as evidenced by this Court's subsequently issued briefing schedule, indicating that Defendant Township's motion would be filed under both Rules 12 and 56 (3/7/2016 Order, Dkt 70). Therefore, Plaintiffs had ample notice of the character of the motion to be filed, and, in fact, utilized the opportunity to attach no less than thirteen exhibits to their response to Defendant Township's motion (Dkt 98-2 through Dkt 98-14), affidavits, meeting minutes, correspondence and other matters all outside of the pleadings. In any event, as manifested by this Court's analysis, *infra*, the issues presented by Defendant Township are properly analyzed and resolved under Rule 12, without resort to matters outside the pleadings. Therefore, Plaintiffs' concerns, as well as their pending motion to strike the unsigned affidavit, are moot.

Inasmuch as Defendant Township already filed an Answer to the Complaint (Dkt 29), as did Defendants Fanara, Scholey and Church (Dkt 32), the motion at bar is technically brought under subsection (c) of Rule 12, the subsection permitting a motion for judgment on the pleadings "[a]fter the pleadings are closed." FED. R. CIV. P. 12(c). The standards applicable to a Rule 12(c) motion are the same as those for Rule 12(b)(6). *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012); *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

On a Rule 12(c) motion, the court must take "all well-pleaded material allegations of the pleadings of the opposing party ... as true, and the motion may be granted only if the moving party

7

is nevertheless clearly entitled to judgment." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). A well-pleaded complaint contains "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), such that the plaintiff pleaded sufficient "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, "the court need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation and internal quotation marks omitted).

### B. Analysis

**1. Count I: Arrest, Imprisonment & Prosecution without Probable Cause**

Plaintiffs bring their first claim against Defendants under 42 U.S.C. § 1983. "'To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Brown v. Lewis*, 779 F.3d 401, 411 (6th Cir. 2015) (quoting *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013)). Plaintiffs claim their "arrest, imprisonment and prosecution without probable cause" violated their rights under the Fourth

Amendment. The Fourth Amendment guarantees freedom from malicious prosecution. *France v. Lucas*, 836 F.3d 612, 625 (6th Cir. 2016); *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). "Malicious prosecution" encompasses wrongful investigation, prosecution, conviction, and incarceration. *France*, 836 F.3d at 639; *Sykes*, 625 F.3d at 308.

In Count I, Plaintiffs allege the following:

70.  The acts of the Defendants on June 26, 2012 in arresting Dennis and Kathy on three counts of extortion and two counts of real property encumbrance without lawful cause was in furtherance of the conspiracy to force them to sell their property to Defendant Township.

71.  The charges were not based on facts and law sufficient to initiate such a prosecution.

72.  Kathy was dismissed for lack of evidence at the Preliminary Examination in state court, indicating a complete lack of probable cause.

73.  Although Dennis was bound over after a Preliminary Examination, because of the subsequent agreement (described above) with the prosecutor under the Consumer Protection Act, his charges were dismissed without prejudice. They have not been reinstated.

74.  Insofar as the finding of probable cause at the preliminary examination in the district court was never subjected to appeal or review by the state courts of Michigan, that question has not been resolved as a matter of law.

(Dkt 1 at PageID.11-12).

The Court will examine the bases for dismissal of Count I against each Defendant, in turn.

   a.   *Defendant Melrose Township*

Relying on Michigan's Governmental Tort Liability Act (GTLA), MICH. COMP. LAWS § 691.1407, and *Payton v. City of Detroit*, 536 N.W.2d 233, 241 (Mich. Ct. App. 1995), Defendant Township initially argues that Plaintiffs have failed to state a claim in Count I in avoidance of immunity where (1) governmental agencies are immune from tort liability when the agencies are

engaged in the exercise of a governmental function, and (2) a prosecutor's exercise of independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution (Dkt 77 at PageID.494).

In response, Plaintiffs point out that the GTLA applies only to state-law claims and would not preclude their federal civil rights claim under § 1983 (Dkt 98 at PageID.832-833).

In reply, Defendant Melrose Township argues that Plaintiffs' Count I against it also fails because the claim is devoid of any specific allegations that could lead to the inference that an official policy, practice, or custom of the Township caused Plaintiffs' alleged constitutional injuries (Dkt 107 at PageID.1537).

The argument for dismissal of Count I against Defendant Township has merit.

A local government is a "person" within the meaning of § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir. 2000) (en banc). The liability of a local government under § 1983 depends solely on whether the plaintiff's constitutional rights have been violated as a result of a "policy" or "custom" attributable to the government. *Holloway, supra.* The Sixth Circuit has instructed that the plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005)); *see also Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993).

The Court agrees with Defendant Township that Plaintiffs' Count I is wholly devoid of any allegations that an official township policy, practice, or custom caused Plaintiffs' alleged constitutional injuries. And Plaintiffs' mere recitation of the actions or omissions of the individual

Defendants is insufficient to state a claim for § 1983 liability against the Township. Section 1983 liability cannot be premised on a theory of respondeat superior. *Monell*, 436 U.S. at 691. Accordingly, Defendant Melrose Township is entitled to Judgment on Plaintiffs' Count I.

    b.    *Defendant Fanara*

In support of their concurrence and motion, Defendants Fanara, Scholey and Church argue that even if Plaintiffs' allegations in Count I are accepted as true, the allegations are insufficient to destroy Defendant Fanara's entitlement to absolute immunity (Dkt 78 at PageID.581). Defendants also argue that even assuming absolute immunity does not apply, qualified immunity completely shields Fanara from liability (Reply, Dkt 108 at PageID.1556).

In response, Plaintiffs concede that "such immunity is available to prosecutors in certain circumstances," but Plaintiffs argue that immunity is not available to Fanara in this case because "it is reasonable to infer," from Fanara's correspondence and media appearances, that she "conspired with [Township] officials, police officers, and local residents to devise and implement an unlawful plan in which the threat of criminal charges would be used to compel the transfer of WLWS's ownership to the Township" (Dkt 98 at PageID.836-837).

The argument for dismissal of Count I against Defendant Fanara has merit.

The Supreme Court has instructed that § 1983 is to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them. *Burns v. Reed*, 500 U.S. 478, 484 (1991) (quotation and citation omitted). The Court reasoned that for some "special functions," it is better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. *Id.* (quotation and citation omitted). Relevant here is the rule of law that prosecutors are absolutely immune from liability

11

under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case," insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Id.* at 486 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

Plaintiffs do not challenge the proposition that Defendant Fanara's conduct giving rise to the charges against them was conduct "intimately associated with the judicial phase of the criminal process." Plaintiffs only proffer a motive for the decision to bring the charges against them. However, as the Sixth Circuit has instructed, it is inappropriate to engage in "judicial scrutiny of the motives for the prosecutor's actions." *Rouse v. Stacy*, 478 F. App'x 945, 950 (6th Cir. 2012) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997)). *See also Robison v. Via*, 821 F.2d 913, 920 (2d Cir. 1987) (In "the realm of absolute immunity ... evaluation of motive and reasonableness is forbidden."). Accordingly, Defendant Fanara is properly entitled to Judgment on Count I.

  c. *Defendants Scholey & Church*

Defendants Fanara, Scholey and Church argue that Plaintiffs' Count I fails where the claim "states nothing more than an alleged meeting between Fanara and the WLWS victims for the purposes of initiating a criminal proceeding" (Dkt 78 at PageID.581). Defendants point out that Plaintiffs' Count I "fails to allege that these officers made, influenced, or participated in the decision to prosecute them" and "fails to allege that false facts in the affidavits were material to the finding of probable cause against them" (Dkt 108 at PageID.1554).

In response, Plaintiffs assert that they stated viable federal claims for arrest, imprisonment, and prosecution without probable cause (Dkt 98 at PageID.833). Against Defendants Scholey and Church in particular, Plaintiffs argue that their Count I states such a claim because Defendants

12

Scholey and Church "not only failed to include exculpatory information, but also swore to false facts" (*id.* at PageID.837-838).[3]

The argument for dismissal of Count I against Defendants Scholey and Church has merit.

To state a valid federal civil rights claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege facts meeting four elements: "'(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.'" *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (quoting *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014)). *See also Sykes*, 625 F.3d at 308-09.

As a threshold matter, the malicious prosecution allegations as to Plaintiff Dennis Hass, who was bound over for trial, fail because the allegations, even if true, merely relitigate the issue of whether probable cause exists. *See Sanders v. Jones*, No. 15-6384, 2017 WL 75788, at *6 (6th Cir. Jan. 9, 2017); *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001). A malicious prosecution claim under § 1983 fails "when there was probable cause to prosecute." *France*, 836 F.3d at 626; *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 365 (6th Cir. 2013).

---

[3]In their response brief, Plaintiffs rely heavily on an October 24, 2011 affidavit by Defendant Church (Dkt 78-6) and a June 11, 2012 affidavit by Defendant Scholey (Dkt 103-2). These affidavits were filed in Dennis Hass' criminal cases. Therefore, even if the Court were persuaded to consider such affidavits in its analysis under Rule 12, and, even assuming that the affidavits demonstrate "some element of blameworthiness or culpability in the participation" as opposed to "truthful participation in the prosecution decision," *Johnson*, 790 F.3d at 655, the affidavits do not demonstrate influence or participation in the decision to prosecute Kathleen Hass.

The malicious prosecution allegations as to Plaintiff Kathleen Hass, who was not bound over for trial, also fail because the conclusory allegations, even if true, fail to state how these officers made, influenced, or participated in the decision to prosecute Plaintiff Kathleen Hass.  Count II does not allege sufficient facts that could give rise to a plausible claim of malicious prosecution.

Therefore, Defendants Scholey and Church are properly entitled to Judgment on Count I.

**2.     Count II: Conspiracy to Deprive Plaintiffs of Property without Due Process of Law**

Plaintiffs' Count II purports to state a claim for a conspiracy by Defendants to deprive Plaintiffs of their property—WLWS—without due process of law under the Fifth and Fourteenth Amendments.  In Count II, Plaintiffs allege, in pertinent part, the following:

> 78.  The Township did not have any legal justification or power for condemnation and therefore sought to acquire Plaintiffs' property by other means.
>
> 79.  As described above, Defendants, and each of them, engaged in concerted action through letters, communications, demands, offers and prosecutions to force Plaintiffs to sell their property to the Township. The fairness or not of any offer or purchase is irrelevant. Plaintiffs did not want to sell.
>
> 80.  These concerted and extra-legal (illegal) attempts by Defendants, and each of them, constituted concerted action and conspiracy to violate Plaintiffs' Fifth and Fourteenth Amendment rights.

(Compl., Dkt 1 at PageID.13).

Defendant Melrose Township first argues that Plaintiffs fail to state a claim in Count II because such a conspiracy claim is properly brought under 42 U.S.C. § 1985, which requires racial or other class-based discrimination motivating the conspirators' action that Plaintiffs have not alleged (Dkt 77 at PageID.495, citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  The Township also argues that Plaintiffs have not claimed that the Township had a meeting of the minds with any alleged co-conspirator nor how the Township's actions, custom, or practice impaired their

constitutional rights (*id.*). According to the Township, Plaintiffs may not merely imply "some type of wrongdoing" (Dkt 107 at PageID.1538).

Defendants Fanara, Scholey and Church argue that Plaintiffs' conspiracy claim fails because Plaintiffs fail to state an underlying deprivation of property where there was no "deprivation" of property at all (Dkt 78 at PageID.582). Defendants argue that even if Plaintiffs could show a deprivation of property, Plaintiffs have not alleged that their state remedies would be inadequate to compensate them for the loss (*id.*).

In response, Plaintiffs emphasize that their civil conspiracy claim in Count II is bought under § 1983, not § 1985 (Dkt 98 at PageID.839). Plaintiffs assert that they stated a viable claim under § 1983 where they pleaded (1) the existence of a single plan, to wit: "to force the sale or forfeiture of WLWS through the use or threatened use of criminal charges"; and (2) that the Township shared in the general conspiratorial objective and an overt act committed by any of the conspirators in furtherance of the objective, e.g., "the prosecutor's refusal to drop charges unless an agreement to sell WLWS to [the Township] could be reached; [the Township] applying pressure on the prosecutor to re-file charges when negotiations reached an impasse; the Defendant officers filing probable cause affidavits containing known false facts, etc." (*id.* at PageID.840).

There is merit in Defendants' argument for dismissal of Count II.

A civil conspiracy under § 1983 is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). A plaintiff must state "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt

15

act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

Like the deficiencies in the conspiracy claim in *Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988-89 (6th Cir. 2012), Plaintiffs' conspiracy claim fails because Plaintiffs (1) fail to plead *facts* showing the existence of the single plan, (2) concomitantly fail to tie any factual allegations to the alleged constitutional violation, and (3) do not identify how Defendants' actions resulted in any "injury" or deprivation of constitutional rights. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Taking all well-pleaded material allegations of Plaintiffs' Count II as true, Plaintiffs have failed to state a claim of conspiracy sufficient to withstand Defendants' motion.

## II. CONCLUSION

For the foregoing reasons, the Court determines that Defendants are entitled to Judgment on Plaintiffs' Complaint (Dkt 1). As the Court's decision resolves both of Plaintiffs' pending claims, it is not necessary for the Court to examine the remaining arguments Defendants briefed: whether the Assurance of Discontinuance effectuated a waiver of the claims or whether Plaintiffs' claims are time-barred. This case will proceed on Defendant Charbonneau's Counterclaim (Dkt 27), only. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike (Dkt 109) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant Melrose Township's "Motion for Summary Judgment pursuant to F.R.C.P 12(b)(6)" (Dkt 77), in which Defendants Fanara, Scholey and Church concurred (Dkt 78) is GRANTED.

DATED: January 23, 2017             /s/ Janet T. Neff
                                                                            JANET T. NEFF
                                                                            United States District Judge